JOHN L. KRIEGER (Nevada Bar No. 6023)
jkrieger@lrlaw.com
STEPHANIE S. BUNTIN (Nevada Bar No. 12339)
sbuntin@lrlaw.com
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169
(702) 949-8200
(702) 949-8398

Attorneys for Plaintiff
Q Interactive, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Q INTERACTIVE, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> DOE DEFENDANTS 1-100, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** |

Plaintiff Q Interactive, LLC alleges as follows:

### NATURE OF THE CASE

This is an action for cybersquatting, trademark infringement, and unfair competition under the Lanham Act, with pendent claims for state deceptive trade practices, negligent interference with contractual relations, and intentional interference with prospective economic advantage.  Plaintiff seeks actual damages, the profits of Doe Defendants, and each of them, and/or statutory damages, and an award of attorneys' fees and costs, and preliminary and permanent injunctive relief.

### JURISDICTION AND VENUE

1.    This is an action for cybersquatting, trademark infringement, and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051 et. seq.  This Court has subject

matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) & (b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

2.      This Court has, or will have, personal jurisdiction over Doe Defendants, and each of them, because, upon information and belief, Doe Defendants, and each of them, are either physically present in this forum or have committed acts in connection with the claims asserted below that have caused harm to Plaintiff in this forum.

3.      Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) & (c) and 1400.  Venue lies in the unofficial Southern division of this Court.

## PARTIES

4.      Plaintiff Q Interactive, LLC is a Delaware limited liability company in the business of providing online advertising and customer acquisition services for multiple entities, including Fortune 500 companies.  Plaintiff's principal place of business is in Sunrise, Florida. Plaintiff is a wholly owned subsidiary of Selling Source, LLC, whose headquarters are located in Las Vegas, Nevada.

5.      Doe Defendants, and each of them, are individuals who are sued under fictitious names because their true names and identities are currently unknown.  Plaintiff will amend the Complaint once their true identities and capacities are ascertained.

## ALLEGATIONS COMMON TO ALL COUNTS

6.      Plaintiff is the owner of the Q INTERACTIVE trademark, registered on the Principal Register of the United States Patent and Trademark Office under U.S. Registration Number 4107689 for advertising services.  The registration is valid and subsisting, with a date of first use of September 8, 2005.

7.      Since at least 2005, Plaintiff and its predecessors-in interest have continuously used the Q INTERACTIVE mark in connection with advertising services in the United States and around the world.

8.      Plaintiff has spent substantial sums of money to advertise and promote its advertising services in connection with the Q INTERACTIVE trademark, including on the

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

3181231.2

Internet through the Q Interactive web site accessible throughout the United States and around the world at <qinteractive.com>.

9.      Based on its federal trademark registration and extensive use, Plaintiff owns the exclusive right to use the Q INTERACTIVE mark in connection with advertising services.

Upon information and belief, since at least September 2012, Doe Defendants, and each of them, have contacted various current and prospective clients of Plaintiff offering advertising services, claiming to be a Q Interactive employee[s], and using email addresses containing the Q INTERACTIVE mark, including but not limited to <nschott@q-interactive.co>, <ap@q-interactive.co>, <nschott@qinteractiveagency.com>, <qinteractivenick@gmail.com>, <q_interactive@yahoo.com>, and <qinteractiveagency@yahoo.com>.

10.      Upon information and belief, Doe Defendants, and each of them, have registered domain names containing, in whole or in part, the Q INTERACTIVE mark, including, but not limited to, <qinteractiveagency.com>,< qprivatenetwork.com>, and <q-interactive.co>.  Two of these domain names, <qinteractiveagency.com> and <q-interactive.co>, have been configured by the Doe Defendants, and each of them, to redirect consumers to <qinteractive.com> on multiple occasions using multiple web hosting providers.    The    third    domain    name, <qprivatenetwork.com>, was configured by Doe Defendants, and each of them, as a web site portal containing, at a minimum, Plaintiff's corporate logo.

11.      Moreover, Doe Defendants, and each of them, have concealed their identity(ies) when registering the   infringing domain names.   Doe Defendants, and each of them, have masqueraded either as "Nicholas Schott," a fictitious person, or falsely as Plaintiff by using Plaintiff's name and physical address for the registrant contact information, but supplied an e-mail address wholly unrelated to Plaintiff, which results in the domain name registration appearing to be controlled by Plaintiff, when, in all reality, the Doe Defendants, and each of them, maintain    control,    configuration    and    use    of    the    domain    names <qinteractiveagency.com>,<qprivatenetwork.com>, and <q-interactive.co>.   True and correct copies of the websites associated with <qprivatenetwork.com> are attached hereto as Exhibit 1.

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3181231.2

12.     Upon information and belief, Doe Defendants, and each of them, have been using the Q INTERACTIVE mark to send e-mails purporting to originate from Plaintiff in an attempt to profit from Plaintiff's unsuspecting clients and prospective clients.  The scheme carried out by Doe Defendants, and each of them, involves contacting these clients using the Q INTERACTIVE name and inducing them to make media buys with publishers on credit terms. Additionally, Doe Defendants, and each of them, have been using a Credit Reference Document, which originated from Plaintiff and is subject to limited distribution, to bolster the legitimacy of their scheme and to further induce clients to enter into contracts with Doe Defendants, and each of them.  Doe Defendants, and each of them, also created media publication agreements using the Q INTERACTIVE logo, which were copied from Plaintiff's agreements, using identical and/or similar language, fonts, and Plaintiff's corporate address.  Doe Defendants, and each of them, created the agreements to appear similar to Plaintiff's agreements such that unsuspecting customers would assume that the documents originated with and were sanctioned by Plaintiff.

13.     Doe Defendants, and each of them, have also joined various advertising exchanges, also in the Q INTERACTIVE name, to gain access to advertising inventory, such as OpenX, which they in turn place such advertising inventory with publishers that Doe Defendants, and each of them, have induced to execute agreements on credit terms.  As revenue is generated for the advertiser(s), Doe Defendants, and each of them, collect commissions from the advertising exchange, but the publishers are not paid.  In essence, Doe Defendants, and each of them, are using the Q INTERACTIVE name to scam publishers out of advertising revenues.

14.     Numerous other clients and potential clients have contacted Plaintiff inquiring whether the e-mail addresses and/or domain names, and the website(s) linked thereto, containing the Q INTERACTIVE mark are associated with Plaintiff.

15.     After becoming aware that Doe Defendants, and each of them, were using Plaintiff's name to attempt to defraud customers, Plaintiff immediately took action to stop the illegal conduct of Doe Defendants, and each of them, and to warn consumers about Doe Defendants, and each of them, and their fraudulent scheme.

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-4-

3181231.2

16. On September 12, 2012, Plaintiff sent a cease and desist notice to <nschott@q-interactive.co> and <ap@q-interactive.co>.  No response was received.

17. On September 17, 2012, Plaintiff sent a takedown notice to Go Daddy, Inc., the registrar and host of <q-interactive.co> and <qprivatenetwork.com>.  Go Daddy, Inc. disabled the websites on September 19, 2012.

18. However, not to be deterred, Doe Defendants, and each of them, subsequently moved their infringing domain names to a variety of hosting companies in an attempt to evade Plaintiff and continue perpetrating their fraudulent scheme.

19. For example, on October 30, 2012, Plaintiff sent notice to ServerCentral, the host for the new domain name of Doe Defendants, and each of them.  ServerCentral shut down the account belonging to Doe Defendants, and each of them.  The same day, Doe Defendants, and each of them, moved the domain to a new host, HostForWeb.  Plaintiff contacted HostForWeb, who shut down the account belonging to Doe Defendants, and each of them.  On November 3, 2012, Doe Defendants, and each of them, changed hosts for <qinteractiveagency.com>.  Plaintiff contacted the host and the account was shut down on November 5, 2012.  The same day, Doe Defendants, and each of them, changed hosts three separate times:  first to FastWebHost, then to Avahost, then to MidPhase/WestHost.  Plaintiff contacted each host and the FastWebHost and Avahost accounts were subsequently shut down.  However, upon information and belief, the MidPhase/WestHost account remains active.

20. Plaintiff has also attempted to ascertain the identity(ies) of Does Defendants by tracking down the IP addresses associated with the messages and online activities by Doe Defendants, and each of them.  Plaintiff has identified at least two IP addresses, 76.172.185.53 and 76.91.63.116, associated with Doe Defendants, and each of them.  On September 18, 2012, Plaintiff discovered that these IP addresses originate from RoadRunner (Time Warner Cable).

21. Moreover, Plaintiff discovered, though evidence provided by clients and potential clients who have been contacted by Doe Defendants, and each of them, that the advertising tags being used by Doe Defendants, and each of them, originated from an advertising exchange called OpenX.  Plaintiff has been informed by OpenX that it is unable to release information regarding

the identity of the persons and/or entities associated with a specific account until such time as a subpoena is issued.

22.     In a further attempt to thwart the fraud and alert publishers everywhere about the illegal conduct of Doe Defendants, and each of them, Plaintiff has taken out a Google PPC advertising warning about the ongoing scheme, which was enabled on November 2, 2012.

23.     Plaintiff has never authorized, approved or consented to use of the Q INTERACTIVE mark by Doe Defendants, and each of them, in connection with any goods or services whatsoever.

24.     Use by Doe Defendants, and each of them, of the Q INTERACTIVE mark is intended to and is likely to cause confusion among consumers, deceiving them into believing that services offered by Doe Defendants, and each of them, are authorized, approved or sponsored by Plaintiff, when they are not.

25.     Doe Defendants, and each of them, have not registered and used the domain names and e-mail addresses containing Plaintiff's Q INTERACTIVE trademark in good faith.

26.     By registering and using domain names and e-mail addresses containing Plaintiff's Q INTERACTIVE trademark, Doe Defendants, and each of them, were and are attempting to trade on Plaintiff's goodwill.

27.     By registering and using domain names and e-mail addresses containing Plaintiff's Q INTERACTIVE trademark, Doe Defendants, and each of them, were and are creating, or attempting to create, an association between Doe Defendants, and each of them, and Plaintiff.

28.     By registering and using domain names and e-mail addresses containing Plaintiff's Q INTERACTIVE trademark, Doe Defendants, and each of them, were and are attempting to frustrate or divert Internet traffic intended for Plaintiff.

29.     Plaintiff has no adequate remedy at law and is suffering, and will continue to suffer, irreparable harm as a result of the acts of Doe Defendants, and each of them.

/ / /

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

3181231.2

## **COUNT I**

(Cybersquatting under

the Lanham Act, 15 U.S.C. § 1125(d))

30.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

31.     Doe Defendants, and each of them, have registered, trafficked in, and/or used domain names that are identical or confusingly similar to and/or dilutive of the Q INTERACTIVE mark, which was distinctive and/or famous at the time of registration of the domain names.

28.     Upon information and belief, Doe Defendants, and each of them, have or have had a bad faith intent to profit from Plaintiff's trademark.

29.     As a direct and proximate result of such conduct, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

## **COUNT II**

(Trademark Infringement under

the Lanham Act, 15 U.S.C. § 1114)

32.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

33.     Doe Defendants, and each of them, have used and/or are using in commerce Plaintiff's Q INTERACTIVE mark.

34.     Use in commerce of a mark identical or confusingly similar to Plaintiff's Q INTERACTIVE mark by Doe Defendants, and each of them, constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's trademark in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

35.     By using a mark identical or confusingly similar to Plaintiff's trademark with the knowledge that Plaintiff owns and has used, and continues to use, its trademark across the United States, and around the world, Doe Defendants, and each of them, have intended to cause confusion, cause mistake, or deceive consumers.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3181231.2

36.     Doe Defendants, and each of them, are using a mark identical and/or confusingly similar to Plaintiff's trademark in connection with the sale, offering for sale or advertising of services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of services or commercial activities by Plaintiff that are offered by Doe Defendants, and each of them.

37.     Use of marks identical and/or confusingly similar to Plaintiff's trademark by Doe Defendants, and each of them, has created a likelihood of confusion among consumers who may falsely believe that Doe Defendants, and each of them, are associated with Plaintiff or that Plaintiff sponsors or approves of Doe Defendants, and each of them.

38.     As a direct and proximate result of infringement by Doe Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

### COUNT III

(Unfair Competition under the

Lanham Act, 15 U.S.C. § 1125(a))

39.     Plaintiff incorporates the allegations in the preceding paragraphs as if fully set forth herein.

40.     Use in commerce by Doe Defendants, and each of them, of a mark identical or confusingly similar to Plaintiff's trademark in connection with the sale of services constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval by Plaintiff of services or commercial activities of Doe Defendants, and each of them.

41.     Use in commerce by Doe Defendants, and each of them, of a mark identical or confusingly similar to Plaintiff's trademark with the knowledge that Plaintiff owns and has used, and continues to use, its trademarks constitutes intentional conduct by Doe Defendants, and each of them, to make false designations of origin and false descriptions about Doe Defendants, and

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3181231.2

each of them.

42.    As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

43.    Actions by Doe Defendants, and each of them, were done willfully, with the intent to cause injury to Plaintiff, and in conscious disregard of Plaintiff's rights.  Therefore, the conduct of Doe Defendants, and each of them, constitutes malice, oppression and fraud, and Plaintiff is entitled to an award of punitive damages appropriate to punish Doe Defendants, and each of them, and to deter others from engaging in similar misconduct.

### COUNT IV

(Intentional Interference With

Economic Advantage)

44.    Plaintiff incorporates the preceding allegations as if fully set forth herein.

45.    At the time Doe Defendants, and each of them, began offering advertising services under the Q INTERACTIVE mark and since that time, Doe Defendants, and each of them, knew and have known that Plaintiff is in the business of offering advertising services.

46.    Doe Defendants, and each of them, committed acts intended or designed to disrupt Plaintiff's prospective economic advantage arising from the sale of advertising services.

47.    The actions of Doe Defendants, and each of them, have disrupted or are intended to disrupt Plaintiff's business.

48.    Doe Defendants, and each of them, have no legal right, privilege or justification for their conduct.

49.    As a direct and proximate result of intentional interference with Plaintiff's prospective economic advantage by Doe Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury.

/ / /

/ / /

/ / /

## COUNT V

(Negligent Interference With

Contractual Relations)

50.     Plaintiff incorporates the preceding allegations as if fully set forth herein.

51.     Doe Defendants, and each of them, knew and have known or should have known that Plaintiff has contractual relations with its clients, and was aware or should have been aware that if they interfered with those contractual relations, their wrongful actions would cause Plaintiff to lose in whole or in part the probable future economic benefit or advantage of those contractual relations.

52.     Doe Defendants, and each of them, were negligent and failed to exercise due care in their actions towards Plaintiff with respect to Plaintiff's contractual relations with its clients.

53.     Doe Defendants, and each of them, had no legal right, privilege or justification for their conduct.

54.     As a direct and proximate result of negligent interference with Plaintiff's contractual relations by Doe Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury.

## COUNT VI

(Deceptive Trade Practices

under N.R.S. § 598.0915)

55.     Plaintiff incorporates the preceding allegations as if fully set forth herein.

56.     Upon information and belief, in the course of conducting its business, Doe Defendants, and each of them, knowingly made false representations as to an affiliation, connection and/or association with Plaintiff by using a mark identical and/or confusingly similar to the Q INTERACTIVE mark and otherwise engaged in deceptive trade practices.

57.     As the direct and proximate result of deceptive conduct by Doe Defendants, and each of them, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

/ / /

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

3181231.2

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that the Court grant the following relief:

A.      A temporary, preliminary and permanent injunction prohibiting Doe Defendants, and each of them, and their partners, officers, agents, servants, employees and/or all persons acting in concert or participation with Doe Defendants, and each of them, from: (1) using the Q INTERACTIVE mark or any confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs (including, but not limited to, the Q INTERACTIVE mark) in commerce (including, but not limited to in manufacturing, distributing, selling, offering for sale, holding for sale or advertising any services, products, merchandise or goods); (2) representing that any goods or services advertised by them are sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order; and (3) contacting any of Plaintiff's clients for the purpose of offering goods and/or services using the Q INTERACTIVE mark or any confusingly similar variations thereof;

B.      An award of compensatory, consequential, statutory, and/or punitive damages to Plaintiff in an amount to be determined at trial;

C.      An award of interest, costs and attorneys' fees incurred by Plaintiff in prosecuting this action;

D.      An award to Plaintiff of punitive damages for willful and malicious conduct by Doe Defendants, and each of them; and

E.      All other relief to which Plaintiff is entitled.

DATED this 14th day of November, 2012.

Respectfully submitted,

LEWIS AND ROCA LLP


By ____/s/John L. Krieger_____
        JOHN L. KRIEGER
        STEPHANIE S. BUNTIN

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

-11-

3181231.2

# EXHIBIT 1

# EXHIBIT 1





Email: _____

Password: _____

Login

*Forgot Your Password?*



 **Q** INTERACTIVE

## Forgot Password

If you have forgot the account password, you can **reset password** and a new password will be sent to your email address.



Your Email [                    ]

Reset