# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| Q INTERACTIVE, LLC, | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-09177-MMD-GWF |
| vs. | ) | **ORDER** |
| | ) | Motion to Conduct Immediate Discovery (#4) |
| DOE DEFENDANTS 1-100, | ) | |
| Defendants. | ) | |

    This matter comes before the Court on Plaintiff Q Interactive, LLC's ("Plaintiff") Motion to Conduct Immediate Limited Discovery (#4), filed on November 16, 2012. To date, no defendants have appeared in the case and the motion is unopposed.

    Plaintiff provides online advertising and customer acquisition services for various companies under its registered trademark, "Q Interactive" ("Mark"). Plaintiff alleges that Doe Defendants have contacted current and prospective clients of Plaintiff offering advertising services with email addresses containing the Mark, causing the clients to infer an association between Doe Defendants and Q Interactive, Inc. Plaintiff now moves for leave to immediately issue subpoenas to the following third-party providers for the allegedly infringing email addresses and associated IP addresses: Yahoo!, Inc., Google, Inc., GoDaddy.com, Inc., and RoadRunner (Time Warner Cable). Plaintiff also alleges certain infringing advertising tags originated from the advertising exchange "OpenX." Plaintiff seeks to issue subpoenas to OpenX to obtain all information in its possession or control regarding a "Nicholas Schott," who, Plaintiffs assert, is a fictitious entity that maintained an OpenX account with unlawful use of the Mark.

. . .

Federal Rule of Civil Procedure 26(d)(1) requires parties to meet and confer under Rule 26(f) before commencing discovery. The Rule permits expedited discovery by court order, however, if the movant establishes good cause. *See Semitool, Inc. V. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Although no Rule 26(f) conference has occurred in this case, Plaintiff seeks discovery in the form of subpoenas to the above-named third parties for the limited purpose of identifying the Doe Defendants. The Court finds that Plaintiff has established good cause to conduct expedited discovery. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Conduct Immediate Limited Discovery to Ascertain the Identities of the Defendants (#4) is **granted** without prejudice to Yahoo! Inc., Google, Inc., GoDaddy.com, Inc., RoadRunner, and OpenX's ability to object to any subpoenas. Plaintiff is permitted to issue subpoenas from the date of this Order for the limited purpose of identifying Doe Defendants.

DATED this 28th day of November, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge